## West v. Gustafson (No. 2)

*Bruce Bernard,* for plaintiff West.
*John F. Mizner,* for plaintiff Latone.
*Joanna Budde,* for defendant.

MILLIN, *P.J.,* November 28, 1995—This case arises out of a motor vehicle accident which occurred in the City of Warren on December 19, 1992. Plaintiffs claim in their complaint that the defendant failed to stop at a stop sign, and failed to yield the right of way to the plaintiff Latone's vehicle, causing a collision which resulted in various personal injuries to the plaintiffs.

The defendant denies that she was in any way negligent and further alleges that all or some of the plaintiffs' claims are barred and/or diminished by virtue of the provisions of Pennsylvania's Motor Vehicle Financial Responsibility Law as both plaintiffs selected the limited tort option in contracting for their automobile insurance.

In their reply to new matter, the plaintiffs admit that they signed Form PA-1000, electing the limited tort option but claim that the election is invalid because the form is invalid, as a matter of law, to support a limited tort election with respect to new policies of insurance issued after July 1, 1990.

This matter first came before the court on the defendant's motion for partial judgment on the pleadings. In that motion, the defendant alleged that the plaintiffs could not litigate the issue of the validity of the limited tort option, within the confines of this case, because the insurance companies were necessary parties to the proceeding. The plaintiffs alleged that the limited tort option election was ineffective for various reasons, including matters which would require a factual determination. The court in its opinion of August 17, 1995, ruled that the validity of the limited tort election would be decided within the confines of this case and granted the parties an opportunity for a hearing to determine any factual issues necessary.

The parties have now chosen to bring the question of the validity of the election utilizing Form PA-1000, directly before the court, without addressing disputed factual issues by virtue of the defendant's motion for partial summary judgment, which includes as an exhibit, the Form PA-1000, signed by Byron L. West and the

Form PA-1000, signed by Philip S. Latone. The plaintiff has filed a motion in limine concerning the limited tort defense, asking the court to rule the defendant is precluded from asserting a defense based upon limited tort coverage for the reason that the Forms PA-1000, signed by the parties, are invalid as a matter of law to support a limited tort election, because they do not contain the premium cost disclosure required by 75 Pa.C.S. §1705(a)(4).

At the time of the accident, the plaintiff, Byron West was covered by a policy of motor vehicle insurance issued through the Pennsylvania Assigned Claims Plan by Metropolitan Insurance. Mr. West applied for coverage on November 19, 1990, and signed a Form PA-1000, selecting limited tort coverage. At the time of the accident, the plaintiff, Philip Latone, was covered by a policy of motor vehicle insurance issued through the Pennsylvania Assigned Risk Plan by Nationwide Insurance. Mr. Latone applied for this new policy on March 8, 1991 and signed a Form PA-1000, electing limited tort coverage.

The key code section on which the plaintiffs rely, is 75 Pa.C.S. §1705(a)(4), which provides:

"Each insurer, prior to the first issuance of a private passenger motor vehicle liability insurance policy, on and after July 1, 1990, shall provide each applicant with the notice required by paragraph (1). A policy may not be issued until the applicant has been provided an opportunity to elect a tort option."

The notice provided by paragraph (1) referred to in the above section requires a specific notice that sets forth the annual premium for basic coverage as required

by law under the limited tort option and the annual premium for basic coverage, as required by law, under the full tort option. There is no factual dispute that this notice was not given to either plaintiff.

The defendant first argues that section 1705 of the MVFRL does not apply to Pennsylvania's Assigned Risk Plan, as it is not an "insurer" but rather an unincorporated association of motor vehicle insurers within the Commonwealth created under section 1741. Section 1741 (75 Pa.C.S. §1741) provides:

"The Insurance Department shall, after consultation with the *insurers,* licensed to write motor vehicle liability insurance in this Commonwealth, adopt a reasonable assigned risk plan for the equitable apportionment among those *insurers* of applicants for motor vehicle liability insurance who are entitled to, but are unable to, procure insurance through ordinary methods. When the plan has been adopted, all motor vehicle liability *insurers* shall subscribe thereto and shall participate in the plan. . . ." (emphasis added)

Section 1702 of the MVFRL (75 Pa.C.S. §1702) defines insurer as "Insurer or insurance company: A motor vehicle liability insurer subject to the requirements of this chapter."

Clearly both Nationwide and Metropolitan meet the definition of insurer set forth in the act.

Defendant goes on to argue that the Insurance Department is authorized under the act to promulgate rules and regulations concerning the assigned risk plan (75 Pa.C.S. §1741) and that these regulations as promulgated by the Insurance Department for the assigned risk plan require only the Form PA-1000. However,

Insurance Department regulations cannot controvert a specific requirement of the act.

The defendant further argues that the premium differential notice of section 1705 applies only to policies in effect on July 1, 1990 through the end of the first annual renewal cycle and not for new policies and subsequent renewals, issued subsequent to the effective date of the act. This argument ignores the clear language of the act, which makes the comparative price notice mandatory on all initial issue policies on and after July 1, 1990. Defendant argues that because the act provides an alternate notice, under section 1791.1, that the provisions under section 1705 concerning notice, do not apply. Section 1791.1 provides an alternate notice that must be given to the insured "at the time of application for original coverage and every renewal thereafter. . . ." Form PA-1000 complies with section 1791.1 but fails to comply with the comparative price portions of section 1705. The defendant further argues that in providing the insured with the PA-1000, the insurance companies were following the instructions of the Pennsylvania Insurance Department, which as previously stated, is charged with the responsibility for promulgating rules and regulations concerning the assigned risk program. This position is supported by an affidavit of Deputy Insurance Commissioner Gregory S. Martino, which the defendant attached to the motion for partial summary judgment. The defendant states that the insurance companies did precisely what they were instructed to do by the Pennsylvania Insurance Department, and thus, cannot be held to have not complied with the requirements of the act.

This proposition was discussed by Judge Maier in his opinion of October 20, 1995, considering the same question in some 57 cases, consolidated in Philadelphia

County, cited as *Pestcoe v. Nisenzone,* 27 D.&C.4th 26 (1995). Therein, Judge Maier stated,

"The Insurance Department of Pennsylvania is statutorily empowered to implement and enforce the insurance laws of this Commonwealth. 75 Pa.C.S. §1704. This responsibility is coupled with the authority to promulgate administrative regulations which are as valid and binding as the statute under which they are adopted. *Jones v. Travelers Insurance Company,* 356 Pa. Super. 213, 514 A.2d 576 (1986). Moreover, those regulations are entitled to substantial deference by the courts, and may be disregarded or overturned only where clearly erroneous. *Philadelphia Suburban Corporation v. Commonwealth,* 144 Pa. Commw. 410, 601 A.2d 893 (1992); *Nationwide Mutual Insurance Company v. Foster,* 143 Pa. Commw. 433, 599 A.2d 267 (1991); *State Farm Automobile Insurance Company v. Department of Insurance,* 143 Pa. Commw. 259, 598 A.2d 1344 (1991)." *Pestcoe v. Nisenzone, supra* at 29.

Judge Maier went on to point out that in 1990 the Insurance Department issued a statement of policy to provide guidance to auto insurers as to the notice requirements of the MVFRL (31 Pa. Code, chapter 68). In this statement of policy, the Insurance Department advised insurers that section 1705(a) notices applied only to existing policyholders, and for the initial renewal of those policies, after July 1, 1990. The statement of policy went on to state that "second and subsequent renewals of those policies, as well as new policies, after July 1, 1990 must be given notice under section 1791.1." 31 Pa. Code, §§68.106-68.108.

Judge Maier stated that the purpose of the MVFRL was to benefit consumers, and likened it to requirements

for plain language insurance policies, clear statements of interest rates that consumers are required to pay under the Truth in Lending Act, and other acts for the benefit of consumers, such as the Consumer Credit Protection Act, the Unfair Trade Practices and Consumer Protection Law, the Consumer Product Safety Act, the Consumer Goods Pricing Act, etc. Judge Maier reasoned that to hold that a section 1791.1 notice was valid, would controvert the clear intent of the legislature that consumers were to be provided comparative cost information.

The defendant argues that Judge Maier's opinion is not binding upon this court, and while that is legally correct, this court finds the logic of Judge Maier's opinion compelling.

The clear intent of the legislature was to see that comparative price information was given to the consumer at the time new policies were issued. For this court to hold that the Form PA-1000 is adequate would thwart that legislative purpose. It is the function of the court to interpret legislation in a manner which gives effect to the legislature's intent.

The defendant further argues that the tort election forms utilized by the assigned risk plan were approved for use by the plan as part of a court approved stipulation and order, signed by Judge Doyle, of the Commonwealth Court on July 6, 1990. *Pennsylvania Assigned Risk Plan v. Constance B. Foster and the Insurance Department of the Commonwealth of Pennsylvania,* Commonwealth Court of Pennsylvania, no. 188, M.D. 1990. A review of that stipulation, which was attached as an exhibit to the defendant's motion for partial summary judgment, reveals that while Judge Doyle approved the stipulation and agreement of the parties, the Common-

wealth Court did not make a decision interpreting the language of the MVFRL, which would be binding upon this court.

Finally, defendant argues that even if this court finds that the tort election forms executed by the plaintiffs were defective, that that conclusion, in and of itself, does not convert the plaintiffs' policies to "full tort" coverage. This argument ignores the language of the act, which provides "all notices required by this section shall advise that if no tort election is made, the named insured and those he is empowered to bind by his choice, are conclusively presumed to have chosen the full tort alternative." 75 Pa.C.S. §1705(a)(3).

For the foregoing reasons, the court enters the following order:

## ORDER

And now, November 28, 1995, the defendant's motion for partial summary judgment is denied.

The plaintiffs' motion in limine is granted. The defendant is hereby precluded from asserting a defense in this matter based upon "limited tort" as set forth in 75 Pa.C.S. §1705.